*D. S. RUSSELL et al. v. A. J. LEATHERWOOD et al.

*Highways—Public Roads—Proceedings to Establish Jurisdiction—Incomplete Statute.*

1. Ch. 354, Acts of 1891, providing for working the highways of certain counties and amending the general law as affecting them, empowers "the Board of Township Trustees and the Board of County Commissioners, as hereinafter set forth in this chapter," to lay out public roads, and repeals all inconsistent laws, but does not designate how the joint authority is to be exercised: *Held*, that the provision for the concurrent authority is inoperative and the procedure afforded by section 2038 *et seq.* of *The Code* gives jurisdiction to the County Commissioners to lay out roads in such counties without the co-operation of the Township Trustees.

2, Where, on appeal from the order of the County Commissioners establishing a public road, the Court read the petition to the jury and charged that the termini of the road were as set out in the petition, it was not error to refuse further instructions as to the points named as termini.

This was an APPEAL by A. J. Leatherwood from an order of the County Commissioners of Cherokee county laying out a public road which the petitioners sought to have established, heard before *Graves, J.*, and a jury, at July Special Term, 1893, of CHEROKEE Superior Court.

Before impaneling a jury the defendant, by counsel, moved the Court to dismiss the petition, because the petition, as was shown by the petition itself and the records and orders of the Board of County Commissioners, had never been acted upon by the Board of Township Trustees for Valley Town Township (this being the township in which the road was proposed to be built), as provided by chapter 354, section 1, Laws 1891, but only by the Board of County Commissioners of Cherokee county, on the ground

*BURWELL, J., did not sit on the hearing of this case.

that the County Commissioners alone did not have power to act.

The Court refused to dismiss the petition, and defendants excepted.

The issues submitted to the jury and their responses were as follows:

"1. Is the road, as laid out by the jury, a public necessity, and is the same, as laid out, the most practicable route between the points named?  Answer, Yes.

"2. What damage is Leatherwood entitled to by reason of the same?  Answer, $200."

In the course of the development of defendants' evidence defendants proposed to show that a different route than the one laid out by the jury between the mountain road beyond the brick house was more practicable than said route, and more practicable than the route set forth in the petition, when counsel for petitioners objected, and proposed to confine defendants in the evidence to the points, to-wit, "the depot at Andrews and the mouth of the lane."  The Court overruled the objection and allowed defendants to develop the evidence tending to show that there was a more practicable route than the one set forth in the petition and the one laid out by the jury, and did show, by evidence, a different route which it could be located on.

The counsel for petitioners, closing the argument to the jury, insisted to the jury that "the depot at Andrews and the mouth of the lane" were the objective points set forth in the petition.

Defendants objected to counsel construing the petition, and asked the Court to charge the jury "that the two points designated in the petition are 'the depot at Andrews and the foot of the mountain road leading from Graham county, and beyond the brick house,' and not 'between the depot at Andrews and the mouth of the lane,' and you are to

consider the practicability of the route as between 'the depot at Andrews and the foot of the mountain road leading from Graham county, beyond the brick house,' and not confine yourselves to the route between the 'depot and the mouth of the lane.'"

His Honor refused to give the charge, but read the petition, and, instead, said to the jury, "The termini are as set out in this petition."

Defendants excepted, and from the judgment rendered for the petitioners on the verdict the defendant Leatherwood appealed.

*Messrs. J. W. & R. L. Cooper*, for plaintiffs.
*Mr. Edmund B. Norvell*, for defendant (appellant).

MacRae, J.: By the Act of 1891, chapter 354, entitled "An act to provide for working the public roads and highways of Clay and other counties," the general law of the State, chapter 50, Vol. I of *The Code*, was amended in several material particulars as far as the same was applicable to the five counties lying in the extreme western part of the State, Cherokee being one of said counties. It was provided in section 2014 of *The Code*, which is the first section in chapter 50, that the Justices of the Peace in each township should have the supervision and control of the public roads in their respective townships under the name of the Board of Supervisors of Public Roads. And it was further provided that "the Board of County Commissioners, as hereafter in this chapter set forth, shall have full power and authority within their respective counties to appoint and settle ferries, to order the laying out of public roads where necessary," etc., etc. It was also provided in section 2023 that "the Board of Supervisors shall have the right to lay out and discontinue cart-ways, and the Board of Commis-

sioners of the county only shall have the right to lay out and establish and discontinue public roads."

The Act of 1891, first above referred to, provides that "the Justices of the Peace in each township shall have the supervision and control of the public roads in their respective townships; they are hereby incorporated, and the Board of Trustees of such township shall be their corporate name; they shall have the right to sue and be sued, plead and be impleaded in any of the courts of this State. The Board of Township Trustees and the Board of County Commissioners, *as hereinafter set forth in this chapter,* shall have full power and authority within their respective counties to appoint and settle ferries and to order the laying out and repairing of public roads where necessay," etc.   It is not provided or set forth, however, in said chapter how the joint authority is to be exercised with regard to the laying off of public roads, although the power and authority are expressed to be given "as hereinafter set forth in this chapter."

The law with regard to the establishment of public roads providing a system, beginning with a petition to the Board of County Commissioners and with notice to parties interested, opportunity of hearing and of appeal, is set out in sections 2038, 2039 and 2040 of *The Code.*   The proceeding is to be instituted before the Board of County Commissioners and carried on before them, and from their action lies an appeal to the Superior Court.

The petitioners in the present proceeding filed their petition with the Board of Commissioners and the usual orders were made by the Board without the co-operation of the Township Trustees, and all of the proceedings were regular under the general law.   The appellant contends that the Board of Commissioners had no jurisdiction to determine the matter in the absence of the Township Trustees, and moves here to dismiss for want of jurisdiction.

RUSSELL *v.* LEATHERWOOD.

The right to open public roads through the lands of the citizen, founded upon the necessities of the people and their convenience, is one to be exercised strictly within the bounds of the statute conferring such authority, because it involves the principle of eminent domain, the taking of private property upon just compensation for the use and benefit of the general public.  A well-digested system for the laying out of public roads has long been in operation in this State, in which is provided by law a regular procedure before the County Commissioners upon petition duly advertised, with the opportunity to all persons over whose lands the proposed road is to be opened to be heard and to appeal, and to have compensation in case it is finally adjudged to be a public necessity that such road should be opened.  Special acts have also been passed for the benefit of certain counties, providing special procedures within their limits for the purposes indicated with regard to the public highways, differing from those provided in the general law, and these acts in some instances have proved highly beneficial, and no question can be made of the power of the Legislature to enact these special laws.  In the Act of 1891 such special provision was made for the county of Cherokee and four other counties, and this act has been modified as to some and repealed as to others of the said counties.  Indeed, by the Act of 1893, entitled "An act for the better working of the public roads of Cherokee county," much of the Act of 1891 has been repealed and a new system adopted, but we have been unable to find any change in the act last named with regard to the opening of new roads within that county. At any rate the said act was in force at the time these proceedings were instituted and the road named therein was laid off.  We are confronted by the fact that while this authority to open public roads, theretofore delegated exclusively to the County Commissioners, was given to the Town-

ship Trustees *and* the County Commissioners, it was expressed in terms that such power and authority was to be "as hereinafter set forth in this chapter," and that there is no further direction in said chapter of the mode in which such power should be exercised. It was plainly, then, the intention of the Legislature to provide such method; if it had been expressed, the further provision in section 28 repealing all laws in conflict with this act would make the new the exclusive mode of laying out new roads in said county. But there is no conflict between the old law and the new act as they now stand. There is an evident defect or omission in this respect in the Act of 1891. While without doubt a clerical error may be read as amended, or words may even be transposed in the interpretation of a statute, in order to reach the clear intention of the Legislature, there is no warrant to the Courts to supply apparent omissions, although the result may be to render the act inoperative. "So an act which authorized municipalities, according to a procedure therein described, to open and widen streets, and prescribed a procedure for the opening but none for the widening of the same, was held to that extent inoperative." Endlich on Statutes, sec. 22; Chaffee's Appeal, 56 Mich., 244; Southerland on Stat. Con., secs. 431 and 432. If the legislative intent was not plainly expressed to give this joint authority to be exercised as hereinafter set forth it might be that the jurisdiction of the two bodies would be held to be concurrent; but as we have seen it is such jurisdiction as in its nature cannot be exercised without a statutory procedure, which procedure is already afforded to the County Commissioners by the general law as already cited, and not given, as it was intended to be, to the Township Trustees, or to the two Boards jointly. We must conclude, therefore, that the provision of the act is inoperative, and that the petitioners have pursued the course provided

by law to effect their object. The motion to dismiss for want of jurisdiction was the point principally relied upon by the appellant. The other exception was to the refusal of his Honor to instruct the jury as to the points designated in the petition. We can see no force in this exception. His Honor read the petition itself to the jury, and told them that the termini are as set out in this petition.

No Error.